### SAMUEL WILBUR *vs.* ALBINUS WILBUR.

A tenant in common of land, who makes an agreement with the wife of his cotenant, that the cotenant shall have the sole occupation of the land, and pay him a certain sum therefor, cannot maintain an action for such occupation, if he does not prove that the cotenant had actual knowledge of such agreement, or that he authorized his wife to make it.

ASSUMPSIT for the use and occupation of land owned in common by the defendant and the plaintiff, and alleged to have been hired of the plaintiff by the defendant. To prove such hiring, the plaintiff, at the trial in the court of common pleas, before *Colby*, J. offered to show that the wife of the defendant called upon the plaintiff and agreed with him that the defendant should have the sole occupation of the land, and should pay the plaintiff a certain sum therefor, and that the defendant did afterwards so occupy the land. But the judge ruled that " evidence of a hiring by the defendant's wife was not admissible, unless knowledge of such hiring was brought home to the defendant, or authority from him was shown." A verdict was thereupon taken for the defendant, and the plaintiff alleged exceptions to the said ruling.

*Eliot*, for the plaintiff.

*Coffin*, for the defendant.

SHAW, C. J.   The defendant and the plaintiff being tenants in common, it was not contended, at the bar, that the defendant would be liable to assumpsit for use and occupation, on an implied promise, from his sole and several occupation. Some express promise, made by him or by his authority, was necessary.

We think the judge was right in ruling that the wife had no authority, implied from the relation of husband and wife, to make a contract in his behalf.   If the husband knew of such express agreement by the wife, and continued to occupy solely, without notice or objection, this and other circumstances might have been left to the jury to infer the husband's assent, which would amount to a ratification.   But no such evidence was offered.                     *Exceptions overruled.*